UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07-CV-204-MU

| | |
|---|---|
| LARRY DONNELL HARBISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHANE BROWN, et. al., )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Injunction (Doc. No. 21), filed August 28, 2007; Plaintiff's Motion for Extension of Time to Submit Pre-Trial Discovery Requests (Doc. No. 22), filed September 11, 2007; and Plaintiff's Motion for Reconsideration for Appointment of Counsel (Doc. No. 29), filed November 5, 2007.

**I. Facts and Procedural History**

On June 4, 2007, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that he was denied the use of a restroom and assaulted while incarcerated at the Burke County Jail. (Doc. No. 1.) On July 13, 2007, Defendants filed an Answer to the Complaint arguing for the dismissal of Plaintiff's Complaint based upon, among other things, a defense of qualified immunity. (Doc. No. 11.) This Court then ordered that dispositive motions be filed with the Court by October 1, 2007. (Doc. No. 14.)

On July 30, 2007, Plaintiff filed a Motion to Appoint Counsel (Doc. No. 15) which was denied by this Court on August 15, 2007. Plaintiff thereafter filed several motions, including: (1) a Motion for Injunction (Doc. No. 21); (2) a Motion for Extension of Time to Submit Pre-Trial Discovery Requests (Doc. No. 22); and (3) a Motion for Reconsideration regarding this Court's Order denying Plaintiff's Motion to Appoint Counsel. (Doc. No. 29.) [1]

On September 29, 2007, Defendants filed a Motion for Summary Judgment. (Doc. No. 23.) After requesting and receiving additional time to file a response to the Motion for Summary Judgment, Plaintiff filed his Response in Opposition to the Motion on November 5, 2007. (Doc. No. 30.) On December 3, 2007, Defendants filed a Motion for Protective Order Regarding Plaintiff's First Set of Interrogatories and Requests for Production of Documents, (Doc. No. 32), which this Court granted on December 4, 2007. (Doc. No. 33.)

## II. Analysis

**1. Motion for Injunction**

The standard for evaluating a request for permanent injunction is the balancing-of-hardship analysis set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F. 2d 189, 193 (4th Cir. 1977). Under this analysis this Court must consider four factors: (1) the likelihood of irreparable harm to the plaintiff if injunction is denied; (2) the likelihood of harm to the defendant if the relief is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. See Rum Creek Coal Sales, Inc. v., Caperton, 926 F.2d 353, 359 (4th Cir. 1991). The granting of a permanent injunction is "an extraordinary remedy involving the

---

[1] This is the second Motion for Reconsideration for Appointment of Counsel that Plaintiff has filed. Plaintiff previously filed a Motion for Reconsideration on August 28, 2007. (Doc. No. 20.) This Court denied that Motion on October 25, 2007. (Doc. No. 27.)

exercise of very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." Drexel Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992).

On August 28, 2007, Plaintiff submitted a Motion for Injunction, asking that the Court "grant [his] release from long term maximum control lockup segregation pending conviction not yet established." Plaintiff claims that he is currently being detained in "segregation," separate from the general prison population, due to a pending escape charge.[2] Plaintiff alleges that this extra precaution: (1) violates Due Process; (2) violates Equal Protection; (3) constitutes double jeopardy; (4) is cruel and unusual punishment in violation of the Eighth Amendment; (5) is a punishment for crimes for which he has not been convicted; and (6) is in effect a retaliatory measure because a police officer was assaulted during the alleged escape for which he is being held.

Upon thoroughly reviewing the Complaint, this Court concludes that Plaintiff has not established that he will suffer irreparable harm if an injunction is not granted. As far as this Court can determine, the only "improvement" in Plaintiff's situation this Injunction would effect, if granted, is that he would be incarcerated among the general prison population rather than separated from other inmates. Moreover, the likelihood of harm to the Defendants is not insignificant as the involvement of the court system in daily operation of a prison is burdensome. The likelihood that Plaintiff will prevail on the merits is not especially strong. Finally, the public

---

[2] While in prison as a pre-trial detainee, Plaintiff admits that he was involved in an escape from prison with two other inmates. A police officer was assaulted during the escape. Plaintiff denies any involvement in the assault, and claims that his detention in "segregation" differs from the detention of the other two inmates involved in the escape, who Plaintiff alleges were released into the general prison population.

3

interest is best served if the courts do not get involved in the daily operations of a prison, particularly prior to finding that the Constitution has been violated. Consequently, Plaintiff's Motion for Injunction is denied.

**2. Motion for Extension of Time**

On September 11, 2007, Plaintiff filed a Motion for Extension of Time to Submit Pre-Trial Discovery Requests. He requested that the Court give him more time to prepare and submit his questions to Defendants. Plaintiff has, however, already submitted discovery requests to Defendants, prompting them to file a Motion for Protective Order Regarding Plaintiff's First Set of Interrogatories and Requests for Production of Documents. (Doc. No. 32.) On December 4, 2007, this Court issued an Order granting Defendants' Motion for Protective Order, essentially halting discovery. (Doc. No. 33.) This Court concluded that to engage in discovery at this point would be unduly burdensome and would deprive Defendants of the benefit of qualified immunity. As discovery is not proceeding at this point, and Plaintiff has in fact already submitted his pre-trial discovery requests, Plaintiff's instant Motion for Extension of Time to Submit Pre-Trial Discovery Requests is moot and, consequently, will be denied.

**3. Motion for Reconsideration**

As previously noted, this Court denied Plaintiff's initial Motion for Appointment of Counsel, observing that appointment of counsel in civil cases is discretionary and should only be appointed in exceptional circumstances. For the reasons already stated, this Court does not believe Plaintiff's case presents such exceptional circumstances so as to warrant the appointment of counsel, and Plaintiff has presented no further evidence to alter this Court's previous decision.

**IT IS, THEREFORE, ORDERED** that:

(1)  Plaintiff's Motion for Injunction is **DENIED;**

(2)  Plaintiff's Motion for Extension of Time is **DENIED;** and

(3)  Plaintiff's Motion for Reconsideration is **DENIED.**


Signed: June 19, 2008

Graham C. Mullen
United States District Judge