UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:07cv204-RJC-DLH

| LARRY DONNELL HARBISON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| SHANE BROWN; SAM CRUMP; RICHARD HEAD; OFFICER DEAL; and OFFICER ROBINSON, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the defendants' motion for summary judgment (Doc. No. 23) and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 40).

**I.      BACKGROUND**

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case, and the Court thus adopts the facts as set forth in the M&R.

**II.     STANDARD OF REVIEW**

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations."

Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

### III. DISCUSSION

Federal Rule of Civil Procedure 72(b) allows a party fourteen days to file specific written objections to a Magistrate Judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). The parties received a copy of the M&R informing them of the 14-day objection deadline. (Doc. No. 40 at 21-22). Neither the plaintiff nor the defendants filed any objections during the time period reserved for them, so this Court reviews the M&R for clear error. After a careful review of the record in this case, this Court finds that the Magistrate Judge's Recommendation is consistent with and supported by the law. Thus, the M&R is hereby adopted as the final decision of this Court for all purposes in this case.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendants' motion for summary judgment (Doc. No. 23) is **GRANTED**, and the plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

Signed: December 28, 2010

Robert J. Conrad, Jr.
Chief United States District Judge